UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER DICKSON,

        Plaintiff(s),                              No. C 04-4947 PJH

    v.                                          **FINAL PRETRIAL ORDER**

JEFFREY TAYLOR, et al.,

        Defendant(s).
_____/

       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.  The pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.     CLAIMS AND DEFENSES

       As there has been no motion practice in this case, the court and counsel discussed at length the claims and some of the defenses that will be tried with the following results:

       a.    Plaintiff voluntarily dismisses defendants **Andrew Smith** and **Erik Richardson**.

       b.    Plaintiff's **first cause of action** asserted against all defendants, is for a violation of his Fourth Amendment rights brought under 42 United States Code § 1983.  The specific claims remaining for trial are arrest without probable cause and use of excessive force as to all defendants and a Monell claim for failure to train and supervise as to the County and Sheriff's Department.  Plaintiff may not pursue the due process claim based on the denial of a "fair" trial in the absence of authority that the federal and state constitutions guarantee a "fair" trial as opposed to simply a "trial," which plaintiff received, or authority that extends the "criminal convictions obtained by false testimony" line of cases to civil rather than criminal actions.

       c.    Plaintiff voluntarily dismisses his **second cause of action**.

1        d.      Plaintiff's **third cause of action** asserts conspiracy to violate and violation of the Constitution and various laws of the state of California by all defendants. Plaintiff withdraws his conspiracy allegation and voluntarily dismisses defendants **Flores** and **North** from this cause of action. Plaintiff may not pursue this claim under Article I, § 16 and 17 of the California Constitution in the absence of authority that they are self-executing. As there has been no objection of defendants, plaintiff may pursue claims under Article I, § 13 and California Civil Code sections, 43, 52 and 1708. To the extent that this claim is also based on the allegation that defendants testified falsely at the criminal trial, the court's ruling is the same as in 1(b) above. Notwithstanding the lack of objection by defendants to plaintiff's assertion that the public entities are responsible under a respondeat superior theory for the constitutional and statutory violations of the individual defendants, the parties are ordered to provide authority for the notion that respondeat superior liability extends beyond torts committed by employees in conjunction with their proposed jury instruction(s) on this issue.

       e.      Defendants have raised the defense of qualified immunity in their trial brief, but did not and have not moved pre-trial for a determination of whether they enjoy said defense. Accordingly, although the court will make the ultimate decision whether the defense applies, that determination will be made post-verdict. The jury will be asked whether defendants acted reasonably or whether they violated plaintiff's constitutional rights by arresting him without probable cause and by using excessive force. Based upon the responses the court will determine whether it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

II.     <u>MOTIONS IN LIMINE</u>

Defendants' motion to exclude evidence regarding plaintiff's acquittal in the underlying criminal case has been resolved by stipulation of the parties that plaintiff may

1  present evidence of attorneys fees incurred in his defense of the criminal charges as an
2  element of damages in this case, and thus, the fact that he was prosecuted and tried for the
3  underlying charges will be admitted, for context only, however, the fact of his acquittal will
4  not be admitted in evidence.

5  III.     WITNESSES

6       Police practices experts will not be permitted to usurp the fact-finding function of the
7  jury by testifying as to whether there was or was not probable cause or whether the force
8  used was or was not excessive.

9  IV.     EXHIBITS

10      The transcript of plaintiff's criminal jury trial may be used for impeachment purposes,
11 but not on the issue of liability.

12 V.      JURY INSTRUCTIONS

13      As stated at the conference, many of the jointly proffered instructions are redundant
14 or unnecessary.  Additionally, plaintiff's proffered separate instructions are either
15 unwarranted or misstate the law, and will not be given.  The parties shall meet and confer
16 and submit a revised set of jointly prepared instructions **no later than 4:00 p.m. on**
17 **September 5, 2006**.  With the exception of the instructions on respondeat superior for
18 which the court has requested authority, all other instructions shall be submitted on a
19 separate sheet of paper without reference to authority or the parties.

20 VI.     VERDICT FORMS

21      The verdict forms need to be revised in light of the court's ruling on pretrial motions
22 and objections and plaintiff's voluntary dismissals.  A revised jointly prepared form of
23 verdict shall be submitted **no later than 4:00 p.m. on September 5, 2006.**

24 VII.    TRIAL SCHEDULE AND TIME LIMITS

25      Trial shall commence on September 11, 2006 at 8:30 a.m.  We will be in session
26 everyday except Wednesdays, from 8:30 a.m. to 1:30 p.m.  Each side will be permitted 12
27 hours for opening statements, direct and cross examination.  Closing arguments will not be
28

1 | included in the allotment.
2 |     IT IS SO ORDERED.
3 | Dated: August 25, 2006

PHYLLIS J. HAMILTON
United States District Judge