UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER DICKSON,

    Plaintiff(s),                      No. C 04-4947 PJH

    v.                               **SUPPLEMENTAL FINAL PRETRIAL ORDER**

JEFFREY TAYLOR, et al.,

    Defendant(s).
_____/

       Pursuant to a telephone conference held on September 8, 2006 to discuss various problems that have arisen since the final pretrial conference, including those involving the jury instructions and verdict forms, the court supplements the final pretrial order as follows:

    1.     With regard to the **third cause of action**, plaintiff dismisses defendants Flores and North as well as state law claims under Article I § 13 and California Civil Code § 43 and 1708. The third cause of action will proceed against defendants Taylor and Bates for conspiracy to violate plaintiff's rights found in Civil Code § 52.1, and against the County and Sheriff's Department for the same violation based on a respondeat superior theory. Plaintiff shall brief for the court how the allegations of his complaint state a claim under § 52.1 **and** how he proposes the conspiracy allegation be resolved–by the court or by the jury. Proposed jury instructions shall also be submitted on the 52.1 claim and on the conspiracy issue, if plaintiff believes that is a jury question. Plaintiff's brief shall be filed and his jury instruction(s) submitted on September 11, 2006, at 8:30 a.m. at the commencement of trial. Defendants' opposition shall be filed on September 14, 2006 at 8:30 am. No reply shall be permitted and the court will attempt to resolve the question by week's end.

    2.     The parties shall revise the *Monell* instruction and the state law municipal liability instruction to clarify for the jury that there are different standards for

1

plaintiff's federal and state claims.  This instruction may be submitted after the court has resolved whether a state law claim will be permitted.

3. Defendants' qualified immunity instruction is withdrawn.  Instead the verdict form shall be revised to ask the jury to find the *facts* necessary to enable the court to make a qualified immunity determination after trial.

IT IS SO ORDERED.

Dated: September 8, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge